IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QT TRADING, LP. <br> Plaintiff, | § § § | |
| v. | § § | C.A. NO. _____ <br> Admiralty Rule 9(h) |
| M/V FEDERAL MARGAREE, <br> her engines, tackle, boilers, etc. *in rem*, | § § § | |
| v. | § § § | |
| WESTERN BULK CARRIERS, AS <br> Defendants. | § § § | |

## COMPLAINT

1.  Plaintiff, QT TRADING LP ("QT") by its attorneys, Hill Rivkins LLP, complaining of the M/V FEDERAL MARGAREE, *in rem*, and Western Bulk Carriers AS ("WBC") (collectively "Defendants"), alleges upon information and belief:

### A.

2.  This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or is brought pursuant to 9 U.S.C.A. § 8, for preservation of *in rem* security for arbitration.

### B.

3.  At and during all the times hereinafter mentioned, QT was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. QT had and now has the legal status and principal office and place of business stated in Schedule A attached.

### C.

4. At and during all the times hereinafter mentioned, WBC had and now has the legal status and office and place of business stated in Schedule A. They were, and now are, engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court, or another U.S. court of competent jurisdiction, during the pendency of this action. Plaintiff requests that the court permit later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the United States for service of *in rem* process.

### D.

5. On or about September 11, 2012, at the port of KDZ Eregli, Turkey, the M/V FEDERAL MARGAREE and defendant WBC received, in good order and condition, the shipment described in Schedule A, which the vessel and defendant WBC accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

### E.

6. Thereafter, the vessel arrived at the Port of Houston, where the cargo was found physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendant WBC breached, failed and violated their duties and obligations as a common carrier and were otherwise at fault.

### F.

7. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendant delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

### G.

8. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### H.

9. Plaintiff has duly performed all duties and obligations on its part to be performed.

### I.

10. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of FORTY-FOUR THOUSAND ONE HUNDRED TWENTY-ONE AND 96/100 DOLLARS ($44,121.96) for which Plaintiff demands recovery from all defendants, jointly and severally.

### J.

11. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all

persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

    4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Dana K. Martin

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
DANIELA OLIVEIRA
SDTX I.D. No.: 1314516
Texas Bar No. 24075837
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:   (713) 222-1515
Direct Line:   (713) 457-2287
Facsimile:   (713) 222-1359
E-mail: dmartin@hillrivkins.com
E-mail: doliveira@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF
QT TRADING LP**

# VERIFICATION

THE STATE OF TEXAS  *
*
COUNTY OF HARRIS  *

Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this 15th day of April, 2014.

_____
Notary Public, State of Texas
My Commission Expires: 3/26/16

ROSA LANDIN
Notary Public, State of Texas
My Commission Expires
March 26, 2016

5

## **SCHEDULE A**

## **LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES**

Plaintiff, **QT Trading, LP,** was and now is a corporation with an office and place of business at 79 S. Benson Rd., Suite 6, Fairfield, CT 06824

**M/V FEDERAL MARGAREE** was at all material times a general cargo ship sailing under the Marshall Islands flag. The vessel was built in 2005, its call sign is V7R17, and its gross tonnage is 18,825 tons.

Defendant, **Western Bulk Carriers AS** ("WBC"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which maintains a registered agent in Texas upon whom service may be made, and thus may be served through its registered agent:

Chaffe McCall, LLP (registered agent)
801 Travis Street, Suite 1910
Houston, Texas 77002

OR through Hague Service via

Karenslyst Alle 8B
 P.O. Box 78 Skoyen
N-0212 Oslo, Norway (its home office address)

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V FEDERAL MARGAREE |
| Date of Shipment: | September 11, 2012 |
| Port of Shipment: | KDZ Eregli, Turkey |
| Port of Discharge: | Houston, Texas |
| Shipper: | Guven Celik Boru San Ve Tic Ltd Sti |
| Consignee: | QT Trading LP |
| Description of Shipment: | ERW Steel Line Pipes |
| Nature of Loss or Damage: | Physical damage |
| Amount: | $44,121.96 |